IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| YVETTE BURKE, and,<br>DANNY CRUMP,<br><br>      Plaintiffs,<br><br>v.<br><br>WAL-MART STORES EAST, INC.<br>d/b/a WALMART SUPERCENTER #234,<br><br>and<br><br>WAL-MART STORES EAST I, LP<br>f/k/a WAL-MART STORES, INC.<br>d/b/a WALMART SUPERCENTER #234,<br><br>and<br><br>WALMART INC.<br>d/b/a WALMART SUPERCENTER #234<br><br>      Defendants. | Case No.: 4:20-cv-00152<br><br>Removal from the Circuit Court<br>of Clay County, Missouri<br>Case No. 20CY-CV00825 |

## NOTICE OF REMOVAL

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Wal-Mart Stores East, Inc. d/b/a Walmart Supercenter #234 ("Withdrawn Corp.") , specially appearing for the purpose of disputing jurisdiction, and Defendants Wal-Mart Stores East I, LP f/k/a Wal-Mart Stores, Inc. d/b/a Walmart Supercenter #234 and Walmart Inc. d/b/a Walmart Supercenter #234 (hereinafter collectively referred to as "Walmart") hereby remove to the United States District Court for the Western District of Missouri the action styled *Yvette Burke and Danny Crump v. Wal-Mart Stores East,*

*Inc. d/b/a Walmart Supercenter #234, Wal-Mart Stores East I, LP f/k/a Wal-Mart Stores, Inc. d/b/a Walmart Supercenter #234, and Walmart, Inc. d/b/a Walmart Supercenter #234,* Case No. 20CY-CV00825, from the Circuit Court of Clay County, Missouri. Defendant Withdrawn Corp. and Defendants Walmart state the following in support of removal:

STATE COURT ACTION

1. On January 20, 2020, Plaintiffs Yvette Burke and Danny Crump ("Plaintiffs") commenced this matter by filing her Petition for Damages in the case styled *Yvette Burke and Danny Crump v. Walmart, Inc. d/b/a Walmart Supercenter #234, Wal-Mart Stores East, Inc. d/b/a Walmart Supercenter #234, and Wal-Mart Stores East I, LP f/k/a Wal-Mart Stores, Inc. d/b/a Walmart Supercenter #234,* Case No. 20CY-CV00825, in the Circuit Court of Clay County, Missouri (the "State Court Action").

2. Plaintiffs' Petition in the State Court Action is purportedly being re-filed pursuant to Missouri Revised Statute § 516.230 following the dismissal of an earlier cause of action brought solely by Plaintiff Yvette Burke against only Defendant Withdrawn Corp. (the "Dismissed Action"). The claimed cause of action in both the State Court Action and the Dismissed Action is a purported claim of premises liability.

3. Removal is timely if it is filed within thirty (30) days after a party received a copy of an initial pleading "through service or otherwise". 28 U.S.C. §§ 1441 and 1446.

4. Defendant Withdrawn Corp. received notice of this matter on January 31, 2020.

5. Defendants Walmart were served with process on January 31, 2020.

6. This is a civil action over which this Court has original diversity of citizenship jurisdiction under 28 U.S.C. § 1332. As such, Defendant Withdrawn Corp. and Defendants Walmart may remove this action under 28 U.S.C. §§ 1441 and 1446.

## PAPERS FROM REMOVED ACTION

7. A true and correct copy of the court file from the State Court Action is attached hereto as Exhibit A.

## REMOVAL IS TIMELY

8. A Notice of Removal is required to be filed within thirty (30) days that a party receives a copy of an initial pleading "through service or otherwise". 28 U.S.C. § 1446(b).

9. Defendant Withdrawn Corp. received notice of this matter on January 31, 2020.

10. Defendants Walmart were served with process on January 31, 2020.

11. This Notice of Removal is being filed on or before March 2, 2020.

## VENUE REQUIREMENT IS MET

12. Venue is proper, in that this Court is the United States District Court for the district and division corresponding to the place where the State Court Action was pending. 28 U.S.C. § 1441(a).

## DIVERSITY JURISDICTION EXISTS

13. Plaintiffs identify their residence in the State Court File as Missouri. *See* Exhibit A, Petition ¶ 1.

14. Defendant Withdrawn Corp., appearing solely for the purpose of disputing jurisdiction, provides the following regarding complete diversity of citizenship:

   a) The Missouri Secretary of State reflects that Wal-Mart Stores East, Inc. filed its withdrawal with the Missouri Secretary of State on June 11, 2013 and that on June 18, 2013, the Missouri Secretary of State accepted Wal-Mart Stores East, Inc.'s submission and has considered Wal-Mart Stores East, Inc. as an entity that has withdrawn from conducting business in the state of Missouri since June 18. 2013;

b) Wal-Mart Stores East, Inc. has not conducted business in the state of Missouri since before June 11, 2013;

c) Wal-Mart Stores East, Inc., now known as Wal-Mart Stores East, LLC, is a limited liability company organized and existing under the laws of the State of Arkansas and maintains its principal office and place of business in the State of Arkansas, not having its chief and principal place of business in the State of Missouri, and is neither a citizen nor a resident of the State of Missouri.

15. Wal-Mart Stores East I, LP, for purposes of establishing that complete diversity of citizenship exists for this controversy, provides the following information:

a) Wal-Mart Stores East, LP d/b/a Wal-Mart Stores East I, LP was, at the time of the commencement of this matter, and ever since, has been, and still is, a foreign limited partnership organized and existing under the laws of the State of Delaware, and maintains its principal office and place of business in the State of Arkansas, not having its chief and principal place of business in the State of Missouri, and is neither a citizen nor a resident of the State of Missouri.

   i. WSE Management, LLC, general partner, and WSE Investment, LLC, limited partner, are the sole partners comprising Wal-Mart Stores East, LP.

      1. WSE Management, LLC, at the time of the commencement of said action and ever since, has been, and still is, a foreign limited liability company organized and existing under the laws of the State of Delaware, with its chief and principal office and place of business in the State of Arkansas, and is neither a citizen nor a resident of the State of Missouri.

2. WSE Investment, LLC, at the time of the commencement of said action and ever since, has been, and still, is a foreign limited liability company organized and existing under the laws of the State of Delaware, with its chief and principal office and place of business in the State of Arkansas, and is neither a citizen nor a resident of the State of Missouri.

ii. The sole member of both WSE Management, LLC and WSE Investment, LLC, at the time of the commencement of said action and ever since, has been, and still is, Wal-Mart Stores East, LLC.

b) At the time of the commencement of said action and ever since, Wal-Mart Stores East, LLC has been and is a limited liability company organized and existing under the laws of the State of Arkansas and maintains its principal office and place of business in the State of Arkansas, not having its chief and principal place of business in the State of Missouri, and is neither a citizen nor a resident of the State of Missouri.

16. Walmart Inc. is a corporation organized and existing under the laws of the State of Delaware and maintains its principal office and place of business in the State of Arkansas, not having its chief and principal place of business in the State of Missouri, and is neither a citizen nor a resident of the State of Missouri.

17. Accordingly, there exists complete diversity of citizenship in this matter. *See* 28 U.S.C. § 1332(c).

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

18. A district court has original diversity jurisdiction when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a). A district court has subject matter jurisdiction in a diversity case when "a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.00." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). Accordingly, even in matters where it is not "facially apparent" from a plaintiff's pleadings that the claimed damages exceed $75,000, removal can be warranted. *Quinn v. Kimble*, 228 F.Supp.2d 1038, 1040 (E.D.Mo. 2002) (finding remand was not warranted even where plaintiff submitted affidavits alleging damages totaling less than $10,000.00).

19. In her Petition, Plaintiff alleges she "was caused to suffer and sustain severe and disabling injuries." *See* Exhibit A, Petition ¶ 18.

20. She further alleges that she "has been and will in the future require medical treatment and has been and will in the future lose time from her work and in (sic) now permanently and totally disabled from work, has been and will be in the future be caused to refrain from her normal pursuits, and her injuries are permanent and progressive." *See* Exhibit A, Petition ¶ 18.

21. She also asserts a new allegation that was not included in her previously filed lawsuit, which is that she "is unable to participate in many of the normal actves of a marriage and Plaintiff Danny Crump has therefore lost the services and companionship of his wife." *See* Exhibit A, Petition ¶ 19.

22. Based on Plaintiff's claims of severe injury, disabling injury, lost wages and claim of permanent and total disability to work, past and future medical expenses, allegations of permanent and progressive injuries, as well as her prayer for judgment "in an amount that is fair

and reasonable to compensate them for their injuries and for such further relief as the court deems proper", a fact finder could legally conclude from Plaintiff's Petition that the amount in controversy in this matter is in excess of $75,000.

## REMOVAL IS PROPER

23. Removal is proper, in that (i) this action is a civil action pending within the jurisdiction of the Circuit Court of Clay County, Missouri; (ii) this action could have been brought in this jurisdiction; and (iii) the parties are completely diverse. 28 U.S.C. §§ 1441 and 1446.

24. The U.S. District Court for the Western District of Missouri is the appropriate court for removing this action. *See* 28 U.S.C. §§ 1441(a) and 1446(a); Local Rule 3.2(a)(3).

## FILING OF REMOVAL PAPERS

25. Promptly upon filing this Notice of Removal, Defendant Withdrawn Corp. and Defendants Walmart will give notice in writing to all parties and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Clay County, Missouri, as required by 28 U.S.C. § 1446(d).

## JURY TRIAL DEMANDED

26. Defendant Withdrawn Corp. and Defendants Walmart request jury trial on all matters.

## DESIGNATION OF PLACE OF TRIAL

27. Defendant Withdrawn Corp. and Defendants Walmart hereby designate Kansas City, Missouri as the place for trial.

## CONCLUSION

WHEREFORE, Defendant Wal-Mart Stores East, Inc. d/b/a Walmart Supercenter #234, specially appearing for the purpose of disputing jurisdiction, and Defendants Wal-Mart Stores East

I, LP f/k/a Wal-Mart Stores, Inc. d/b/a Walmart Supercenter #234 and Walmart Inc. d/b/a Walmart Supercenter #234 hereby remove the above-captioned action from the Circuit Court of Clay County, State of Missouri, and request that further proceedings be conducted in this Court as provided by law.

DATED: February 28, 2020.

Respectfully submitted:

/s/ M. Jared Marsh
Lindsay P. Windham (MO #66153)
M. Jared Marsh (MO #51817)
HALBROOK WOOD, PC
3500 West 75th Street, Suite 300
Prairie Village, Kansas 66208
TEL: (913) 529-1188
FAX: (913) 529-1199
E-MAIL: lwindham@halbrookwoodlaw.com
E-MAIL: jmarsh@halbrookwoodlaw.com
ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that on this 28th day of February 2020, the foregoing was electronically mailed to:

James V. O'Brien
Andrew S. Buchanan
BUCHANAN, WILLIAMS & O'BRIEN, P.C.
1105 E. 32nd Street, Suite 5
Joplin, MO 64804
TEL: (417) 781-8280
FAX: (417) 781-9706
E-MAIL: abuchanan@bwoattorneys.com
E-MAIL: jobrien@bwoattorneys.com
ATTORNEYS FOR PLAINTIFFS

                                            /s/ M. Jared Marsh
                                            ATTORNEY FOR DEFENDANTS